# UNITED STATES DISTRICT COURT
# DISTRICT OF GEORGIA

| | |
|---|---|
| MICHAEL WORKMAN, Individually and for Others Similarly Situated,<br><br>v.<br><br>HIRE TECHNOLOGIES, INC. | CASE NO. _____<br><br>FLSA COLLECTIVE ACTION |

## ORIGINAL COMPLAINT

### SUMMARY

1. During the relevant time period, Hire Technologies, Inc. did not pay overtime as required by the Fair Labor Standards Act ("FLSA").

2. Instead, Hire Technologies paid Michael Workman, and other workers like him, at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Workman brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division. Specifically, Workman worked for Hire Technologies in this District and Division in Burke County, Georgia.

### THE PARTIES

6. Workman is an hourly employee of Hire Technologies.

7. His written consent is attached as Exhibit A.

8. Workman works for Hire Technologies in Burke County, Georgia at the Vogtle Nuclear Plant.

9. Hire Technologies employs Workman and those similarly situated to him.

10. Workman brings this action on behalf of himself and all other similarly situated workers who were paid the same hourly rate for all hours worked by Hire Technologies. Hire Technologies paid each of these workers the same amount for each hour worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

11. **Hire Technologies, Inc.** may be served with process by serving its registered agent, Avery Jones at 2700 Corporate Dr., Suite 200, Birmingham, Alabama 35238 or wherever they may be found.

## COVERAGE UNDER THE FLSA

12. At all relevant times, Hire Technologies was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all relevant times, Hire Technologies was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Hire Technologies was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

15. At all relevant times, Hire Technologies has had an annual gross volume of sales made or business done of not less than $500,000 each.

16. At all relevant times, Workman and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

17. Hire Technologies offers "full staffing services for a range of industries, including information technology, healthcare, electric utilities, and even nuclear services. We have and employ both W2 employees and 1099s, and we are pleased to provide individuals under contract, temp-to-perm, and direct-hire placements."[1]

18. Workman is an hourly employee of Hire Technologies.

19. Workman earns $65.00 per hour while working at Hire Technologies.

20. Workman has the title of Electrical Planner.

21. Workman worked for Hire Technologies from April 2018 through the present.

22. Workman is not guaranteed a salary.

23. Workman regularly works more than 12-hour daily shifts and over 75 hours per week.

24. But Hire Technologies pays Workman at his regular hourly rate for all hours worked in a week, including those over 40 in a week.

25. Thus, rather than receiving time and a half as required by the FLSA, Workman only received "straight time" pay for the overtime hours he worked.

26. The "straight time for overtime" scheme violated the FLSA.

27. Hire Technologies has known about the FLSA, and its overtime requirement, for many years.

28. Hire Technologies nonetheless failed to pay certain hourly employees, such as Workman, overtime.

---

[1] *See* http://www.hire-technologies.com/staffing-services.html (last visited May 19, 2020).

29. Hire Technologies' failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

30. Hire Technologies' illegal "straight time for overtime" policy extends beyond Workman.

31. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action.

32. Defendant paid dozens of hourly employees according to the same unlawful scheme.

33. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

34. The workers impacted by Defendant's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

35. Therefore, the class is properly defined as:

**All employees of Hire Technologies, Inc. who were paid "straight time for overtime" in the past three years.** (The "Putative Class Members").

## FLSA VIOLATIONS

36. By failing to pay Workman and the Putative Class Members overtime at one-and-one-half times their regular rates, Hire Technologies violated the FLSA's overtime provisions.

37. Hire Technologies owes Workman and the Putative Class Members the difference between the rate paid to them and the proper overtime rate.

38. Because Hire Technologies knew or showed reckless disregard for whether its pay practices violated the FLSA, Hire Technologies owes these wages for at least the past three years.

39. Hire Technologies is liable to Workman and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

40. Workman and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

41. Workman demands a trial by jury.

## PRAYER

42. Workman prays for relief as follows:

   a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

   b. Judgment awarding Workman and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

   c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

   d. All such other and further relief to which Workman and the Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: /s/ Troy A. Lanier

**Troy A. Lanier**
State Bar No. 437775
**TROY A. LANIER, PC**
430 Ellis Street
Augusta, GA 30901
706-823-6800
tlanier@tlanierlaw.com

**ATTORNEY IN CHARGE FOR PLAINTIFF**