IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL WORKMAN, Individually and For Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | CV 120-070 |
| HIRE TECHNOLOGIES, INC., | ) ) ) | |
| Defendant. | ) | |

_____

**O R D E R**

_____

Defendant moves to stay discovery pending resolution of its Motion to Compel Arbitration and Stay Action.  (Doc. no. 13.)  For the reasons set forth below, the Court **GRANTS** Defendant's motion to stay discovery and **DIRECTS** the **CLERK** to terminate the motion associated with the Rule 26(f) Report.  (Doc. no. 24.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case."  Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997).  Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery.  It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the motion to compel arbitration, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect

of the case." Id.  Indeed, compelling arbitration would displace the case from the Court and into the arbitral forum.  (See doc. no. 13.)  When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of Defendant's motion. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005).

Plaintiff argues a stay of the proceedings would be an inefficient use of judicial resources.  (Doc. no. 25, pp. 3-4.)  However, as the Southern District of Alabama explained, "allowing discovery at this juncture will force upon Defendants the very processes and expenses of litigation that they sought to avoid by entering into the arbitration agreement." Palm Beach Vacation Owners Ass'n, Inc. v. Escapes, Inc., No. CV 12-00027-KD-B, 2012 WL 13059074, at *2 (S.D. Ala. June 6, 2012).  This consideration is more important than any inefficiencies caused by the stay.

Plaintiff does not argue discovery is needed to respond to the motion compel.  Nor does he contend a stay will cause him to suffer any prejudice.  Plaintiff asserts "[t]he longer the Parties wait to begin discovery, more work will need to be compressed into a shorter period before any motions for conditional certification and/or summary judgment may be heard or trial may be had."  (Doc. no. 25, p. 4.)  The Court can address such concerns easily in the discovery schedule in the event arbitration is not compelled.

Plaintiff argues a partial stay should be granted, limiting the stay to class-wide discovery and allowing discovery to proceed concerning Plaintiff's individual claims.  (Id. at 4-5.)  Plaintiff reasons that whether the Court grants or denies the motion to compel arbitration, discovery of some form will proceed for Plaintiff's claims, citing in support Sams v. GA W. Gate, LLC, No. CV415-282, 2016 WL 3339764, at *7 (S.D. Ga. June 10, 2016).  The Sams

court found "staying discovery . . . only to have [defendants] respond to third-party discovery requests later should the district judge grant their motions to dismiss [didn't] make sense." Id. Unlike Sams, no discovery will occur in this Court if the motion to compel arbitration is granted.

The Court **STAYS** all discovery in this action pending resolution of Defendant's motion to compel arbitration and stay action. Should any portion of the case remain after resolution of the motion, the parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling. In the event the presiding District Judge, in his ruling on the pending dispositive motion, provides further instructions to the parties that justifies continuation of the stay, the parties shall inform the undersigned to that effect in a status report to be filed within seven days of the presiding District Judge's ruling.

SO ORDERED this 21st day of September, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA